**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:22-CV-497-JHM**

**DAVID J. RUDOMETKIN**                                                                                         **PLAINTIFF**

**VS.**

**COMMANDING GENERAL, U.S.**
**ARMY HUMAN RESOURCES COMMAND**                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

There are three motions in this case now before the Court. First, Petitioner David J. Rudometkin ("Petitioner's") filed a Motion for Leave to Amend Petitioner's Surreply and Leave to Submit Amended Surreply. (DN 20, 21, 22).[1] Commanding General, U.S. Army Human Resources Command ("Respondent") responded. (DN 23, 24, 25). Petitioner submitted a reply, however, the filing was not timely submitted and not considered by the Court. (DN 26). Second, Respondent filed a Motion to Strike. (DN 15). Petitioner timely responded to this motion (DN 20, 21, 22) and Respondent replied (DN 23, 24, 25). Lastly, Petitioner submitted a Motion to Strike Respondent's Reply (DN 20, 21, 22), and Respondent filed a response (DN 23, 24, 25). Petitioner did not reply, and the time to do so has elapsed. Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge referred this matter to the undersigned for resolution of all non-dispositive matters. (DN 4).

---

[1] Both Petitioner and Respondent have filed identical documents in triplicate due to the combined requests. The Court will cite to the page numbers from the first filing for each, as there are three separate page numbers which would correspond to the citation.

1

**I. Motions to Amend Petitioner's Surreply and Leave to Submit Amended Surreply**

On February 24, 2023, Petitioner moved for an extension of time to file a surreply (DN 11), which the Court denied as the Federal Rules do not prescribe a timeframe for filing a surreply (DN 16, at PageID # 491). In this Order the Court explained that Petitioner should move for leave to file a surreply and "show good cause to support his motion." (DN 16 at PageID # 490). Before the Order had been entered, Petitioner unilaterally filed a surreply. (DN 14). Now, Petitioner moves to amend his surreply to add the correct terminology and moves for leave to file the surreply. (DN 20, 21, 22). Petitioner also attempts to establish grounds to submit the surreply and add to his initial argument regarding the exhaustion of administrative remedies. (DN 20, at PageID # 511, 541).

    *a. Motion to Amend*

Under the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). This amendment may come 21 days after serving the pleading or where a responsive pleading is required, 21 days after the service of the responsive pleading, or 21 days after the service of a motion under Rule 12(b), (e), or (f), whichever comes first. *Id.* at (a)(1)(A)–(B). Otherwise, a party must secure the written consent of the opposing party or leave of the court to amend. *Id.* at (a)(2). "The court should freely give leave when justice so requires." *Id.* "[W]here there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.," leave may be denied. *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 982 (6th Cir. 1991).

Here, Petitioner may not amend his surreply as a matter of course. Because surreply does not require a responsive pleading, Petitioner had 21 days from serving the surreply to amend it as a matter of course. This time has passed. Additionally, Respondent has not consented to the filing of Petitioner's amended surreply. (DN 23, at Page ID # 647).

Further, because Petitioner failed to cure the surreply's deficiencies and the proposed amendment would be futile, the Court will not grant leave. After Petitioner improperly filed his surreply, the Court issued an order with guidance on the proper method to file a surreply. (DN 16, at PageID # 490). Despite this guidance, Petitioner's proposed amendments remain insufficient as Petitioner still fails to show good cause to file this unorthodox pleading. Merely stating that the Respondent contested the Petitioner's claims is not the equivalent of introducing new arguments. (DN 20, at Page ID # 518). As there were no new arguments presented in Respondent's Reply the surreply sought by the petitioner is also futile. For these reasons justice would not be served by permitting the amendment of Petitioner's Surreply.

   b. *Motion for Leave to File*

Generally, courts highly disfavor surreplies "as they are usually a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (citing *In re Enron Corp. Secs.,* 465 F. Supp 2d 287, 691 n.4 (S.D. Tex. 2006)). Ordinarily, the nonmoving party "has no right to respond to the reply brief." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (citing *Novosteel Sa v. United States*, 284 F.3d 1261, 1274 (6th Cir. 2002)). "Although the Federal Rules of Civil Procedure do not expressly permit the filing of [surreplies], such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence

3

has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.,* 339 F.3d 454, 481 (6th Cir. 2003)). However, when the moving party's reply merely responds to arguments made in the response, the nonmoving party's surreply is "unwarranted." *See Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020). Ultimately, whether a party may file a surreply is "left to the broad discretion of the trial court." *Carter v. Paschall Truck Lines, Inc.*, 364 F. Supp. 3d 732, 748 (W.D. Ky. 2019).

Here, both Petitioner's Surreply (DN 14) and proposed Amended Surreply (DN 20, 21, 22) address Respondent's Reply relating to a motion to dismiss (DN 9). Through the instant Motion, Petitioner requests leave to amend his surreply and leave to submit it. (DN 20, 21, 22).

Petitioner's proposed amended surreply still fails to show good cause for its submission. Petitioner's proposed amendment would only add proper terminology to his pleadings, suggest that Respondent's disagreement with Petitioner's contentions is a new argument, and expand on the exhaustion of administrative remedies issue, an argument initially put forth in Respondent's Motion to Dismiss. (DN 6, at Page ID # 53). Respondent did not present new arguments in his Reply and merely responded to the arguments made in the Petitioner's Response. (*See* DN 9). Thus, permitting the surreply would allow the non-moving party to improperly have the last word on the matter despite a lack of new arguments in the Respondent's Reply.

## II. Respondent's Motion to Strike Petitioner's Surreply

In response to Petitioner's initial surreply, Respondent filed a Motion to Strike. (DN 15). Respondent argued that the surreply contained new arguments, factual allegations, and that it was an "improper attempt to have the last word as the non-movant." (DN 15, at PageID # 484). Petitioner responded to this motion, contending that the surreply was necessary as Respondent had raised new arguments in the Reply in support of the Motion to Dismiss. (DN 20, at Page ID # 511).

4

The Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). "When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party." *Boultinghouse v. Herrington*, No. 4:14-CV-00100-JHM, 2016 WL 324527, at *1 (W.D. Ky. Jan. 26, 2016).

Here, even in the light most favorable to the Petitioner, there is no need for a surreply in this matter. As outlined above, Respondent puts forth no new arguments in the Reply. Further, Petitioner should have included the additional analysis regarding the exhaustion of administrative remedies in his initial response to the motion to dismiss.

The appropriate pleadings have already been made. By allowing the Petitioner's surreply, he would have the last word on the matter—without good cause.

### III. Petitioner's Motion to Strike Respondent's Reply

Petitioner alternatively seeks to strike Respondent's Reply, should Respondent's Motion to Strike be granted. (DN 20, at PageID # 511). In support, Petitioner argues that Respondent improperly filed a Motion to Dismiss rather than an Answer and that the matter was "fully briefed," meaning Respondent's reply to Petitioner's response is an improper surreply. (*Id.*)

Under the Federal Rules of Civil Procedure, a party may file a motion to dismiss prior to filing an answer. Fed. R. Civ. Pro 12(a)(4). When a party has made a motion, it is followed by a response from the opposing party, and lastly the moving party may file a reply, at which point the matter becomes ripe for the Court. LR 7.1(c), (g). Though there are specific rules governing § 2241 cases, even under these rules "an answer, motion, or other response" are appropriate responses to a petitioner's initial filing. U.S.C.S. § 2254 Cases R. 4.

Here, Respondent filed a motion to dismiss as a pre-answer motion. (DN 6). Petitioner filed a response to the motion to dismiss after which Respondent filed a Reply. (DN 7, 9). Respondent's Reply was not a surreply, as Petitioner asserts, simply because it followed the Petitioner's pleading. Further, the matter was not "fully briefed" when Petitioner filed his response as the motion to dismiss began a new sequence of pleadings separate from the Petitioner's writ. The filing of Respondent's Reply completed this sequence. (DN 9). Because Respondent's Reply followed the required sequence of pleadings, it was properly filed.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Amend and Leave to file Surreply (DN 20) is DENIED.

**IT IS FURTHER ORDERED** that Respondent's Motion to Strike Surreply (DN 15) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to strike the Petitioner's Surreply to Respondent's Reply (DN 14).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike (DN 20, 21, 22) is DENIED.

Regina S. Edwards, Magistrate Judge
United States District Court

July 19, 2023

Copies:    Counsel of Record
           Plaintiff, Pro Se